1

2

3

4

5

6

7

8            UNITED STATES  DISTRICT COURT

9             Northern District of California

10                Oakland Division

11

12   DANNY F. ATTERBURY,                    No. C 11-04932 LB

13              Plaintiff,                   **ORDER DENYING PLAINTIFF'S
                                             REQUEST FOR COURT TO**
        v.                                   **CONSIDER IF PLAINTIFF MAY**
14                                           **NEED AN INJUNCTION OR**
     THERESE VARNEY, *et al.*,               **TEMPORARY RESTRAINING**
15                                           **ORDER TO STOP THE**
              Defendants.                    **RETALIATION**
16   _____/

17                                           [ECF No. 16]

18       On April 17, 2012, Plaintiff Danny Atterbury filed a letter asking the court to consider if he

19   needs an injunction or temporary restraining order to stop purported retaliation and harassment by

20   some of the defendants.  ECF No. 16 at 3.  The letter does not actually move for an injunction or

21   temporary restraining order but, instead, appears to seek the court's advice.  The court many not give

22   a party advice on what kind of relief the party should seek.  *See Thomas v. Anchorage Equal Rights*

23   *Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("Our role is neither to issue advisory opinions nor to

24   declare rights in hypothetical cases . . . ."); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004)

25   ("District judges have no obligation to act as counsel or paralegal to pro se litigants").  If Plaintiff

26   believes he is entitled to an injunction or temporary restraining order, he may file a motion seeking

27   one.

28       A temporary restraining order preserves the status quo and prevents irreparable harm until a

ORDER
C 11-04932 LB

hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 429 (1974). A temporary restraining order is an "extraordinary remedy" that the court should award only when a plaintiff makes a clear showing that it is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008). A temporary restraining order may be issued without providing the opposing party an opportunity to be heard only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The standards for a temporary restraining order and a preliminary injunction are the same. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 129 S. Ct. at 376. The irreparable injury must be both likely and immediate. *See id.* at 374-75; *Carribean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief").

The Americans with Disabilities Act ("ADA") provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). A plaintiff must establish the following three elements to state a retaliation claims under the ADA: 1) that the plaintiff engaged in statutorily protected activity; 2) that the plaintiff suffered an adverse action; and 3) that the adverse action was causally related to the protected activity. *See Coons v. Sec'y of U.S. Dep't Treasury*, 383 F.3d 879, 887 (9th Cir. 2004).

The court **DENIES** Plaintiff's request to consider if he needs an injunction or temporary retraining order because the role of the court is not to act as a legal counselor for a party. If Plaintiff files a motion for an injunction or temporary restraining order, it will be evaluated according to the standard described above. Additionally, the court separately issues its standard order for litigants

UNITED STATES DISTRICT COURT
For the Northern District of California

1  without a lawyer.  That order describes resources that may be useful to Plaintiff.

2  **IT IS SO ORDERED.**

3  Dated: April 20, 2012

4  _____
   LAUREL BEELER
5  United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
C 11-04932 LB