IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY F. ATTERBURY, | No. CV 11-4932 SI |
| Plaintiff, | **ORDER DENYING MOTION TO ALTER OR AMEND** |
| v. | |
| MARISSA SANCHEZ, THERESE VARNEY, LORI BARLO, MARY MURTAGH, and DOE (HACN) SUPERVISOR, | |
| Defendants. / | |

*Pro se* plaintiff Danny Atterbury brought this action alleging discrimination and retaliation related to low-income housing managed by defendants. On August 22, 2012, the Court granted defendant's motion to dismiss without leave to amend and entered judgment against plaintiff. The Court dismissed plaintiff's federal discrimination and retaliation claims because plaintiff alleged that the discrimination and retaliation occurred because of his complaints about unsanitary conditions, not because of any handicap or disability. Dkts. 39 at 6-7, 40. The Court dismissed plaintiff's First Amendment retaliation claim because plaintiff failed to adequately allege that defendant landlords were acting under color of state law in making housing decisions. *Id.* at 8. Lacking any remaining federal claims, the Court held that there was no basis for federal question jurisdiction and noted that any state law claims should be brought in state court. *Id*. at 9. Plaintiff now seeks to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

District courts have the power to "alter or amend" a judgment by motion under Rule 59(e). While Rule 59(e) does not set forth any specific grounds for relief, the Ninth Circuit has made clear that

altering or amending a judgment is appropriate where (1) there is newly discovered evidence (*SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010)); (2) the district court committed clear error or its initial decision was manifestly unjust (*Turner v. Burlington Northern Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)), or there is an intervening change in the controlling law (*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)). *See also*, *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Plaintiff's instant motion generally challenges the Court's finding that defendant landlords did not act under color of state law, asserting variously that defendants "are entwined with the State" because the federal government has delegated "management and control of the section 8 programs" to defendants, and attaching various correspondence from city officials and defendant landlords regarding the availability of Section 8 housing. Dkt. 41 at 5-7, 11-14. However, plaintiff has failed to present any newly discovered evidence or evidence showing clear error or that this Court's ruling was manifestly unjust. Instead, the instant motion is a rehashing of earlier arguments. *See* Dkt. 27 at 11-16. The Court has already rejected plaintiff's claims that defendant's receipt of federal funds for Section 8 housing qualifies defendants as state actors, Dkt. 39 at 8, and plaintiff fails to cite, nor is this Court aware of any intervening change in the relevant controlling law to justify revisiting that holding. Accordingly, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 12, 2012

SUSAN ILLSTON
United States District Judge