IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY F. ATTERBURY, | No. CV 11-4932 SI |
| Plaintiff, | **ORDER REVOKING PLAINTIFF'S IFP STATUS** |
| v. | |
| MARISSA SANCHEZ, THERESE VARNEY, LORI BARLO, MARY MURTAGH, and DOE (HACN) SUPERVISOR, | |
| Defendants. | |

*Pro se* plaintiff Danny Atterbury brought this action alleging discrimination and retaliation related to low-income housing managed by defendants. On August 22, 2012, the Court granted defendant's motion to dismiss without leave to amend and entered judgment against plaintiff. On September 12, 2012, the Court denied plaintiff's motion to alter or amend the judgment. On October 5, 2012, plaintiff appealed both the dismissal order and denial of his motion to alter or amend the judgment to the Ninth Circuit Court of Appeals. On October 15, 2012, the Ninth Circuit referred the case back to this Court for the limited purpose of determining whether *in forma pauperis* ("IFP") status should continue for this appeal, or whether the appeal is frivolous or taken in bad faith. *See* Referral Notice, No. 12-17240, Dkt. 2 (*citing* 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of forma pauperis status is appropriate where district court finds the appeal to be frivolous)).

The Court dismissed plaintiff's federal discrimination and retaliation claims because plaintiff alleged that the discrimination and retaliation occurred because of his complaints about the unsanitary

conditions, not because of any handicap or disability. Dkts. 39 at 6-7, 40. The Court dismissed plaintiff's First Amendment retaliation claim because plaintiff failed to adequately allege that defendant landlords were acting under color of state law in making housing decisions. *Id.* at 8. Lacking any remaining federal claims, the Court held that there was no basis for federal question jurisdiction and noted that any state law claims should be brought in state court. *Id*. at 9. The Court subsequently denied plaintiff's motion to alter or amend the judgment because the motion was merely a rehashing of earlier rejected arguments – namely that defendant landlord's receipt of federal funds for Section 8 housing qualified it as a state actor. *See* Dkt. 27 at 11-16. Plaintiff has repeatedly shown that his complaint is fatally defective, even after he was permitted to amend his complaint. Dkt. 8. The Court now finds that the appeal is frivolous, and hereby REVOKES plaintiff's IFP status.

**IT IS SO ORDERED.**

Dated: October 15, 2012

SUSAN ILLSTON
United States District Judge